United States v. Long

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
        DENNIS JACOBS,
        REENA RAGGI,
                 Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                         14-531

MARCUS LONG,
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT: DARRELL B. FIELDS, Federal Defenders of New York, New York, New York.

FOR APPELLEE: JUSTIN ANDERSON (Michael Gerber, on the brief), for Preet Bharara, United States Attorney

for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Marcus Long appeals from the judgment of the United States District Court for the Southern District of New York (Seibel, J.), convicting him of possessing a firearm following a prior felony conviction. Long argues that he was stopped unlawfully and that the district court erred in denying his motion to suppress evidence obtained following the unlawful stop. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On appeal of a district court's ruling on a motion to suppress, we review factual findings for clear error and legal conclusions de novo. United States v. Murphy, 703 F.3d 182, 188 (2d Cir. 2012). A district court's factual finding is clearly erroneous only if "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed"; there is no clear error if "there are two permissible views of the evidence." Id. at 188-89 (citation and internal quotation marks omitted). In other words, the record must be viewed in the light most favorable to the prevailing party below. Id. at 189.

The record below, viewed in the light most favorable to the government, establishes the following. While on undercover patrol in April 2012, Police Officer William Pataky saw Long get out of a stopped car, lean into the car's backseat, and make repeated circular motions with his arms. Officer Pataky could not see who, if anyone, was in the backseat. Long got back into the front passenger seat a couple minutes later, and the car drove off. At that point, Officer Pataky, having called for back-up, stopped and approached the car. He questioned the driver, Janel Johnson, about what Long had been doing and was told that Long had been tying down the car's trunk through the backseat. Officer Pataky checked the backseat to see whether anyone appeared injured; the backseat occupant,

2

Stephen Washington, appeared uninjured. While Officer Pataky was speaking with Johnson, Officers William Quirk and Albert Hughes arrived and went to the passenger side of the car. Officer Quirk observed a bullet in between Long's thighs and communicated this observation to the other officers. The officers then ordered all three occupants-- Long, Johnson, and Washington--out of the car. A pat-down of Long revealed a gun in his back pocket. Long was arrested and, following the arrest, made a number of statements to police officers.

"[P]olice may briefly detain an individual for questioning if they have a reasonable suspicion that criminal activity is afoot, and may frisk him if they reasonably believe he is armed and dangerous." United States v. Elmore, 482 F.3d 172, 178 (2d Cir. 2007) (citing Terry v. Ohio, 392 U.S. 1 (1968)). Reasonable suspicion must be supported by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion on a citizen's liberty interest." Elmore, 482 F.3d at 178-79 (citation, brackets, and internal quotation marks omitted). "Reasonable suspicion is an objective standard." United States v. Bayless, 201 F.3d 116, 133 (2d Cir. 2000).

The district court did not err, much less clearly err, in ruling that Officer Pataky's stop of the car was supported by reasonable suspicion. A reasonable officer observing what Officer Pataky undisputedly saw--Long's circular arm motions, consistent with punching into the backseat--could reasonably suspect that Long had assaulted a passenger. That Long's conduct was in fact innocent is not determinative. United States v. Arvizu, 534 U.S. 266, 277 (2002) ("A determination that reasonable suspicion exists, however, need not rule out the possibility of innocent conduct.").

Long's argument that Officer Pataky did not act as though he believed an assault had taken place provides no basis for reversal. See Bayless, 201 F.3d at 133 ("[T]he subjective intentions or motives of the officer making the stop are irrelevant."). The district court did not clearly err in crediting Officer Pataky's testimony that his delay in stopping the car was motivated by concern over his safety as an undercover officer. See Murphy, 703 F.3d at 189 ("When . . . credibility determinations are at issue, we

3

give particularly strong deference to a district court finding." (citation and internal quotation marks omitted)).

Long argues that, even if the initial stop was supported by reasonable suspicion, the justification for the stop dissipated as soon as Officer Pataky saw that no one was injured in the backseat. However, this argument was not raised below, and has therefore been waived. United States v. Klump, 536 F.3d 113, 120 (2d Cir. 2008). Such an "oversight will be excused only '[f]or good cause,'" id. (quoting Fed. R. Crim. P. 12(e)), and no showing of good cause has been made here. In any event, the argument would not assist Long. A stop based on reasonable suspicion must be "'reasonably related in scope to the circumstances which justified the interference in the first place'" and must not continue once the basis for the stop has been dispelled. United States v. Babwah, 972 F.2d 30, 33 (2d Cir. 1992) (quoting Terry, 392 U.S. at 20). The record establishes that: (1) Officers Quirk and Hughes arrived within one minute of the initial stop, while Officer Pataky was still questioning Johnson about what Long had been doing, and (2) upon arrival, Officer Quirk directed his flashlight at the passenger seat and saw the bullet. Thus, at the point when Officer Quirk observed the bullet, Officer Pataky still had not ruled out the basis for the initial stop. There was nothing unreasonable about the duration of the stop preceding Officer Quirk's observation. Cf. Babwah, 972 F.2d at 33 (finding forty-minute detention unreasonable when initial search dispelled basis for stop).

For the foregoing reasons, and finding no merit in Long's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4